UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>                      Petitioner,<br>     v.<br><br>JASON BENNETT,<br><br>                      Respondent. | CASE NO. 2:24-cv-01380-TL-MLP<br><br>ORDER ON PROPOSED MOTIONS |

This matter comes before the Court on Petitioner John Robert Demos, Jr.'s "Proposed Motions" filed at Docket Nos. 5, 6, and 7. Having reviewed the motions and the relevant record, the Court, on the various bases explained below, denies the relief that Petitioner requests in his motions.

### I.  BACKGROUND

On August 29, 2024, Petitioner, an inmate in the custody of the Washington State Department of Corrections, filed a proposed application to proceed *in forma pauperis* and a proposed petition under 28 U.S.C. § 2254 for writ of habeas corpus. Dkt. No. 1. On September 27, 2024, United States Magistrate Judge Michelle L. Peterson issued a report and recommendation, recommending that Petitioner's application and petition be administratively closed, on the grounds that Petitioner had not submitted a filing fee, as this Court has previously mandated. Dkt. No. 2; *see Demos v. Stanley*, No. MC97-31 (W.D. Wash. Mar. 13, 1997) (providing for the return without filing of any petition submitted by Petitioner that seeks an

extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253, or 2254, unless such petition is accompanied by the filing fee). On October 15, 2024, having received no objections from Petitioner, this Court adopted Judge Peterson's Report and Recommendation and instructed the Clerk of Court to administratively close the case. Dkt. No. 3.[1] Subsequent to the Court's adoption of the Report and Recommendation, Petitioner filed the proposed motions presently pending before the Court. Dkt. Nos. 5, 6, 7. The Court will address these in turn.

## II.    DISCUSSION

### A.    The Court's Authority to Manage Its Docket

The Supreme Court has repeatedly recognized district courts' "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). This authority includes: (1) discretion "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *G. Russell Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991), *reh'g denied*, 501 U.S. 1269 (internal quotation omitted); (2) "the power to strike items from the docket as a sanction for litigation conduct," *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (collecting cases); and (3) to otherwise sanction misconduct, *id.* at 405. Here, the Court notes that Petitioner's case was administratively closed on October 15, 2024. Dkt. No. 3. Yet Petitioner has continued to file with the Court untimely, extraneous, and—upon review, futile—motions. Consideration of these submissions requires that the Court expend substantial

---

[1] Upon posting the Court's Order, the Court received correspondence from Stafford Creek Corrections Center advising that "[Petitioner] has not been at SCCC for months." Dkt. No. 4 at 1. However, based on Petitioner's submissions to the Court, it is apparent that Petitioner has in fact received the Order. Regardless, Petitioner is advised that under this Court's Local Civil Rules, "any party . . . must file a notice with the court of any change in address, telephone number or email address . . . within ten days of the change." LCR 10(f).

ORDER ON PROPOSED MOTIONS - 2

time and resources. Therefore, where appropriate, the Court has exercised its "inherent authority" to review and dispose of Petitioner's motions in as expeditious a manner as possible.

**B.    "Motion and Request to Take Judicial Notice of All Proffers and Exhibits"** *et al.* **(Dkt. No. 5)**

Docket No. 5 comprises multiple filings, including Petitioner's "Motion and Request to Take Judicial Notice of All Proffers and Exhibits," "Motion for Discovery," "Note for Motion Docket and Calendar," "Motion to Supplement the Pleadings," "Note for Motion Docket and Calendar," "Motion to Turn a 42 USC 1983 into a 28 USC 2254 Writ of Habeas Corpus to Challenge Unconstitutional Conditions of Confinement," and "Motion for Re-consideration, or in the Alternative, a Notice of Appeal." Dkt. No. 5 at 1, 2, 4, 5, 6, 7, 13. Petitioner's materials can be sorted into three categories: (1) objections to Judge Peterson's Report and Recommendation (Dkt. No. 2); (2) responses to this Court's adoption of the Report and Recommendation (Dkt. No. 3); and (3) new arguments regarding the conditions of Petitioner's confinement.

As to the first category, these materials are untimely. Objections to the Report and Recommendation were due October 11, 2024. Dkt. No. 2. Petitioner filed his objections on October 25, 2024. Dkt. No. 5. The Court therefore OVERRULES these objections.

As to the second category, the Court construes these materials as components of a request for reconsideration. The Court DENIES such a request. "Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*,

179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Here, Petitioner does not bring to light any new facts or legal authority that were unavailable to him during the appropriate time period to lodge objections to the Report and Recommendations. To be sure, Petitioner's arguments could reasonably have been raised before, and the highly unusual circumstances necessary for reconsideration are not present in this case.[2]

As to the third category, wherein Petitioner raises new arguments and discusses new facts regarding his confinement, the Court exercises its inherent authority to control the docket and, accordingly, STRIKES such a motion as irrelevant and extraneous to the matter now pending before the Court.

C.    **"Motion for Joinder of Motions"** *et al.* **(Dkt. No. 6)**

Docket No. 6 comprises two filings, a "Motion for Joinder of Motions" and "Plaintiff's In Protest Rebuke of the R&R of the Court." Dkt. No. 6. With respect to the former, the Court STRIKES the motion as irrelevant and extraneous to the matter now pending before the Court. As to the latter, as discussed above, *see supra* Section II.B, Petitioner's objections to the Report and Recommendation are untimely. The Court therefore OVERRULES these objections.

---

[2] To the extent that Petitioner is appealing the Court's adoption of the Report and Recommendation, such an appeal is inappropriately filed here, in this manner. *See* Fed. R. App. P. 3; 9th Cir. R. 3-1.

**D.** **"Motion to Quash, Abate, Vacate, Void, Annul, or Recind [*sic*] Major Infraction Report of 10/22/2024" (Dkt. No. 7)**

Upon review, Petitioner's Motion at Docket No. 7 appears to cover new subject matter that is not germane to the matter pending before the Court. Petitioner's filing discusses an incident that allegedly occurred on October 15, 2024, and which was the subject of administrative paperwork allegedly filed on October 28, 2024. Dkt. No. 7 at 1, 18, 20, 22, 24. Having occurred nearly three weeks after the issuance of the Report and Recommendation, this incident and the materials associated therewith are irrelevant and extraneous to the matter now pending before the Court. The Court therefore STRIKES this motion.

### III. CONCLUSION

The Court ORDERS as follows:

(1) As to Petitioner's motions at Docket No. 5, Petitioner's objections to the Report and Recommendation are OVERRULED. Petitioner's request for reconsideration is DENIED. The remainder of Petitioner's motion is STRICKEN.

(2) As to Petitioner's motions at Docket No. 6, Petitioner's "Motion for Joinder of Motions" is STRICKEN. Petitioner's objections to the Report and Recommendation are OVERRULED.

(3) As to Petitioner's motion at Docket No. 7, Petitioner's "Motion to Quash, Abate, Vacate, Void, Annul, or Recind [*sic*] Major Infraction Report of 10/22/2024" is STRICKEN.

Dated this 14th day of November 2024.

Tana Lin
United States District Judge